

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2006

# Conner v. Mobile Mini Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2748

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Conner v. Mobile Mini Inc" (2006). *2006 Decisions*. Paper 1742.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1742

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2748
_____

Mandrake Conner,
                                        Appellant
                        vs.

Mobile Mini Inc.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-01926)
District Judge: Honorable Clifford Scott Green

_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2006
BEFORE:  FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>

(Filed January 18, 2006)
_____

OPINION

_____


PER CURIAM.

        Appellant, Mandrake Conner, formerly employed by appellee Mobile Mini

Inc. ("MMI"), appeals the District Court's grant of summary judgment in favor of MMI.

The District Court thoroughly recited the factual circumstances leading to the decision to

terminate Conner from his Branch Manager position in MMI's Milwaukee office because

of his inability to control his anger in the workplace. We need not repeat the details here. It will suffice for our purposes to note that during the time period beginning approximately three months after his promotion to Branch Manager in June 2002 and ending with his termination on March 27, 2003, Conner exhibited problems in the workplace with anger management – engaging in behavior that was, at times, verbally abusive and disrespectful of subordinates and others (including a company vendor) – despite having received numerous warnings about such behavior as well as counseling in this area. Given the complaints lodged against Conner and his apparent inability or unwillingness to control his anger while serving in the position of Branch Manager, MMI offered Conner a position as a sales representative in its Chicago office at a salary higher than that of his previous sales position. Conner failed to accept this offer by the stated deadline and his employment with MMI was terminated.

Following his termination, Conner, who is African-American, filed an administrative charge with the Wisconsin Equal Rights Division alleging racial discrimination. After exhausting his administrative remedies, Conner filed suit in the United States District Court for the Eastern District of Pennsylvania alleging that he had been unlawfully terminated from his job on account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. While not denying that complaints were lodged against him when he served as a Branch Manager and that his angry outbursts had to be addressed on several occasions, Conner simply asserted that

white MMI employees in management positions were treated more favorably than he had been. In further support of his racial discrimination charge, Conner stated that a racist comment was made in his presence by a former MMI manager back in July 2000, that he was not permitted to discharge a particular employee when he wanted to, and that he did not receive the same computer training as some of the Chicago-based employees. Additionally, Conner alleged that personnel from the Milwaukee and Chicago branch offices had formed an "evil cabal" to have him removed as Branch Manager. Finally, in his briefs in opposition to MMI's motion for summary judgment, Conner attempted to add a claim under the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 621, et. seq., and sought to enlarge the discovery period. In an order entered on April 29, 2005, the District Court granted MMI's summary judgment motion and denied Conner's motion for enlargement of the discovery period.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and will affirm substantially for the reasons given by the District Court. We are doubtful that a prima facie case of discrimination has been made out (there was no direct evidence of discrimination), because Conner, although arguably qualified and a member of a protected class, made no showing that other MMI management employees who are not members of a protected class were treated preferentially. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). He was not, for example, the only employee who received computer training via video tapes instead of in-person by computer specialists.

In fact, Patrick Johnson, the Regional Manager who was responsible for overseeing MMI's Milwaukee office and offered Conner the Chicago sales position upon his termination as Branch Manager, received the same form of training. Moreover, although Conner was counseled with respect to the appropriate manner in which to document and discipline an employee who was not working up to company standards, there was no evidence that, unlike other Branch Managers, he was denied the authority to terminate an employee deserving of such action.

Like the District Court, however, even assuming arguendo that a prima facie case of discrimination has been made out, there can be no doubt that there was nothing pretextual about MMI's reason for terminating Conner. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509 (1993). To survive a motion for summary judgment in a discrimination case, a plaintiff may prevail either by discrediting the employer's proffered reasons for the termination or by showing that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. See Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). There is simply no evidence in the record, including circumstantial evidence, that Conner's termination was motivated in any part by racial animus. See St. Mary's Honor Center v. Hicks, 509 U.S. at 424. MMI's Regional Director identified a problem with Conner's management style and argumentative nature early on in his tenure, and steps were taken to address it. Conner's repeated angry outbursts and other shortcomings were well-documented. He was

4

counseled and given genuine opportunities to improve, but he failed to do so. Finally, he was warned that any further disrespectful behavior could result in his discharge, and ultimately he was terminated. Moreover, we agree with the District Court's conclusion that one racist comment made three years earlier by a former employee does not undermine MMI's proffered reason for Conner's termination.

We have carefully reviewed Conner's other contentions on appeal and find them to be meritless. As correctly noted by appellee, the District Court committed no error in failing to consider Conner's attempt to amend his complaint to add an ADA claim where discovery was closed after having been opened for nearly a year and a motion for summary judgment had already been filed by MMI. Moreover, Conner did not satisfy the prerequisites for bringing such a claim. The ADA requires that, before bringing suit, a plaintiff must exhaust his administrative remedies by filing a charge. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA). Conner did not raise his claim of discrimination on the basis of disability with the Wisconsin Equal Rights Division. Likewise, the District Court did not abuse its discretion in failing to extend the discovery period in light of Conner's failure to explain how such an extension would be productive and given his failure to previously move to compel greater disclosures from MMI. Finally, it is all too obvious that the entry of appearance of one of MMI's attorneys on behalf of Conner was nothing more than the result of a typographical error in MMI counsel's motion for admittance filed in December

2004. The District Court was clearly operating, as were all parties, under the belief that Conner was proceeding in a <u>pro</u> <u>se</u> manner. In fact, the Deputy Clerk of the Employment Discrimination Panel attempted to secure <u>pro</u> <u>bono</u> representation for Conner until the District Court entered an order on March 3, 2005, discontinuing such attempts and directing Conner to continue to proceed <u>pro</u> <u>se</u> or retain counsel himself. There is thus no merit to appellant's contention that such a minor error necessitates a reversal of the District Court's entry of summary judgment in favor of MMI.

Accordingly, for essentially the reasons set forth by the District Court, we will affirm the District Court's judgment entered April 29, 2005 and deny Conner's motion to reverse the summary judgment of the District Court.